UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEO WESTERFIELD,<br><br>               Plaintiff,<br><br>   v.<br><br>GOMEZ, et al.,<br><br>              Defendants. | Case No. CV 16-05957 DSF (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

Plaintiff Cleo Westerfield ("Plaintiff"), a California state prisoner proceeding pro se, has filed a Complaint, pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. ("Compl." Dkt. No. 1). For the reasons stated below, the Complaint is dismissed with leave to amend.

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks

redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portion thereof, before service of process if the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Complaint is DISMISSED with leave to amend.

## II.

### FACTUAL ALLEGATIONS AND CLAIMS

Plaintiff sues C/O Gomez ("Gomez"), a Correctional Officer at California Men's Colony Prison ("CMC"), RN Yule ("Yule"), a nurse at CMC, and C/O Perez ("Perez"), a Correctional Officer at CMC, all in their individual and official capacities. (Compl. at 3).

Plaintiff alleges that (1) Defendants violated Plaintiff's First Amendment rights when Defendants retaliated against Plaintiff after Plaintiff filed a grievance against a CMC nurse; (2) Defendants violated Plaintiff's Eighth Amendment rights by denying medical care to Plaintiff; and (3) Defendant RN Yule perjured himself in a letter regarding Plaintiff's workers' compensation claim. (Id. at 3, 5-9). Plaintiff seeks injunctive and monetary relief. (Id. at 6).

The Complaint alleges that Plaintiff filed a March 2015 grievance with the CMC internal affairs department ("Internal Affairs") because a nurse at CMC had been "calling [Plaintiff] over the intercom causing problems for the Plaintiff." (Id. at 5). In response to the grievance, Internal Affairs allegedly conducted an on-camera interview, which "angere[d] several C/Os and several RNs." (Id.). A lieutenant at CMC allegedly "fixed everything" and Plaintiff "recanted [his] story." (Id.).

After the interview, Sergeant Miranda allegedly "allowed C/O Gomez to have her way with [Plaintiff], and Officer Gomez . . . began to harass [Plaintiff] daily." (Id.). Plaintiff alleges that Officer Gomez and Plaintiff had "a toxic antagonistic relationship, [they] screamed and yelled at each other," and Officer Gomez "reek[ed] havoc [on Plaintiff] . . . " (Id.).

On April 27, 2015, Plaintiff allegedly slipped and fell in a pool of water while working. (Id. at 8). Plaintiff was allegedly ordered to stay in his cell and rest throughout the day because his back was injured. (Id. at 7). On April 30, 2015, Officer Gomez allegedly instructed Plaintiff to leave his cell and "go outside" in order to conduct an inspection. (Id.). Plaintiff allegedly told Officer Gomez about the April 27, 2015 slip and fall. Officer Gomez responded that "she did not car3e [sic] about any lay-ins [because] she wanted [Plaintiff] out of the building." (Id.). Plaintiff then allegedly asked if Officer Gomez had the authority to override his doctor's orders. (Id.). Officer Gomez then pointed to her Department of Corrections badge and stated that

it "gave her all the authority she needed."  She allegedly stated that if Plaintiff did not get up and leave the cell, Officer Gomez would "press the alarm." (Id.).  Plaintiff then left the cell, became dizzy, and lost consciousness. (Id.).

Plaintiff woke-up on the floor, soaked in urine, as a nurse[1] "shout[ed] at [Plaintiff] telling [him] to get up [because] there was nothing wrong with [him]." (Id.).  The nurse allegedly told Plaintiff that Officer Gomez had called the nurse, stating Plaintiff had "faked" losing consciousness. (Id.).  The nurse then wrote Plaintiff up for "manipulation." (Id.).  Plaintiff alleges that the nurse's actions were retaliation for the grievance Plaintiff filed against the nurse's co-worker. (Id. at 7-8).

Plaintiff did not receive any medical attention for his back pain until September 30, 2015. (Id.).  On September 30, 2015, diagnostic tests showed Plaintiff suffered from degenerative disc disease. (Id.).

A workers' compensation investigation from the April 27, 2015 slip and fall was conducted, but the claim was denied because workers at CMC "swept the incident under the rug." (Id.).  The workers' compensation claims adjuster issued a denial letter stating there was no evidence to support the claim.

---

[1] The Complaint does not clarify whether the "nurse" that is referred to is RN Yule. (Compl. at 7-8).

4

**IV.**

**DISCUSSION**

Under 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint due to pleading defects. However, a court must grant a pro se litigant leave to amend his defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). For reasons discussed below, it is not "absolutely clear" that the defects of Plaintiff's Complaint could not be cured by amendment. The complaint is therefore DISMISSED with leave to amend.[2]

**A.   Plaintiff's Official Capacity Claims Are Defective**

Plaintiff sues Defendants for damages and injunctive relief in both their official and individual capacities. (Compl. at 3). However, it is unclear whether Plaintiff wishes to sue Defendants in their official capacities for monetary relief or only for prospective injunctive relief. If Plaintiff wishes to sue Defendants in their official capacities for monetary relief, Plaintiff's official capacity claims are barred by the Eleventh Amendment and cannot proceed.

---

[2] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Pursuant to the Eleventh Amendment, a state and its official arms are immune from suit under section 1983. Howlett v. Rose, 496 U.S. 356, 365 (1990); Brown v. Cal. Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"). "[A] suit against a state official in his or her official capacity . . . is no different from a suit against the State itself." Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) (citation omitted). Therefore, state officials sued in their official capacity are generally entitled to immunity. Id. at 825.

However, state officials sued in their official capacity are considered "person[s]" when they are sued for prospective injunctive relief under section 1983, and the Eleventh Amendment does not bar such claims. Id. (citing Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985)). Indeed, a plaintiff may sue a state official in his official capacity for prospective injunctive relief to end a continuing violation of federal law. See Ex parte Young, 209 U.S. 123, 144-57 (1908); Dow v. Lawrence Livermore Nat'l Lab, 131 F.3d 836, 839 (9th Cir. 1997) (state official in his official capacity may be subject to suit for prospective injunctive relief); Hason v. Medical Board of California, 279 F.3d 1167, 1171 (9th Cir. 2002) (same).

Here, the Complaint requests monetary damages and "injunctive action" and sues Defendants in both their individual and official capacities. (Compl. at 3, 6). However, the Complaint does not

specify the precise injunctive relief Plaintiff seeks from each Defendant. (Id. at 6). If Plaintiff intends to pursue official capacity claims in any amended complaint, Plaintiff must clarify the scope of injunctive relief that he seeks from each Defendant.

**B.  Plaintiff Fails To Allege Personal Participation By Officer Perez In The Alleged Civil Rights Violations**

To demonstrate a civil rights violation against a defendant, a plaintiff must show either direct, personal participation, or some sufficient causal connection between the official's conduct and the alleged constitutional violation. See Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Kwai Fun Wong v. United States, 373 F.3d 952, 966-67 (9th Cir. 2004).

Plaintiff's allegations against Officer Perez are conclusory and vague. Although Plaintiff identifies Officer Perez as a defendant, Plaintiff merely states that Officer Perez acted under color of law by "[t]rying to provoke [Plaintiff] at every chance," and "creating a hostile environment." (Compl. at 3). Moreover, Plaintiff does not reference Officer Perez in the body of the Complaint. (See Id. at 5-9). These vague allegations fail to state a claim against Officer Perez. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (holding that a complaint must include specific facts for a plausible claim). Accordingly, Plaintiff's claims against Officer Perez are dismissed, with leave to amend.

**C.     The Complaint Violates Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). Violations of this rule warrant dismissal. Rule 8 may be violated when a pleading "says too little," Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013) (citing Ashcroft, 556 U.S. at 678), and "when a pleading says too much." Knapp, 738 F.3d at 1108 (citing Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint)); see also McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996) ("Prolix, confusing complaints . . . impose unfair burdens on litigants and judges.").

Here, the Complaint violates Rule 8 because it contains repetitious and confusing allegations. Plaintiff includes irrelevant or extraneous details that are immaterial to his claims. In addition, when referring to defendants or witnesses, the Complaint refers to the "nurse," "they," and "them," instead of stating the person's name, so that it is unclear which allegations are directed to a particular defendant. Without more specific information, Defendants will have difficulty understanding and responding to the Complaint. See Cafasso, 637 F.3d at 1058. In addition, because Plaintiff is not required to provide evidence

8

supporting his claims at this stage of the litigation, the numerous exhibits attached to the Complaint are unnecessary.

Accordingly, the Complaint is dismissed with leave to amend. Should Plaintiff choose to file an Amended Complaint, he is advised to clearly identify the nature of the legal claims he is bringing, the specific facts giving rise to each claim against each individual Defendant, and the relief sought.

## IV.

## CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in prior complaints**. The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any prior complaint. Plaintiff shall limit his action only to those Defendants who are properly named in such a complaint, consistent with the authorities discussed above.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should make clear the nature and grounds for each claim and specifically identify the Defendants he maintains are liable for that claim. Plaintiff shall not assert any claims for which he cannot allege a proper factual basis.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this entire action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).** <u>**Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.**</u>

DATED: December 7, 2016

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

10

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**