UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEO WESTERFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C/O GOMEZ, et al.,<br><br>　　　　Defendants. | Case No. CV 16-5957 DSF (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

Plaintiff Cleo Westerfield ("Plaintiff"), a California state prisoner proceeding pro se, has filed a First Amended Complaint pursuant to 42 U.S.C. § 1983. ("FAC," Dkt. No. 12). Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portion thereof, before service of process if the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or

(3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the First Amended Complaint is DISMISSED with leave to amend.1

**II.**

**FACTUAL ALLEGATIONS AND CLAIMS**

Plaintiff sues two employees of the California Men's Colony ("CMC"), where he is currently housed. These defendants are Correctional Officer Gomez and Registered Nurse ("RN") Yule. Plaintiff sues Defendants in their individual and official capacities. (FAC at 3).

The FAC summarily alleges that, on April 27, 2015, Plaintiff slipped and fell in a pool of standing water in the prison kitchen. (Id. at 5). Plaintiff was placed on medical leave for 125 days.2 (Id. at 5). However, on April 29, 2015, just "two days into the lay in [sic]," Gomez, who "constantly harassed" Plaintiff, instructed him to leave his cell and "go to the yard." (Id.). Plaintiff told Gomez that he was feeling dizzy, taking medications and had permission to stay in his cell because of his injury.

---

1 A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

2 Although not clearly alleged in the body of the FAC, various attachments to the FAC indicate that Plaintiff suffered injuries to his back and to the base of his neck. (See, e.g., FAC at 31).

2

(Id.). Gomez told Plaintiff that "she did not care and [to] get up before she presse[d] [the] alarm." (Id.). Plaintiff then left the cell, became dizzy, and lost consciousness. (Id.).

Plaintiff woke up on the floor, soaked in urine, as a nurse[3] was yelling at him to get up because there was nothing wrong with him. (Id.). The nurse told Plaintiff twice that he was going to write him up for violations relating to this incident. (Id.). The nurse laughed at Plaintiff for urinating in his clothes and told other medical personnel about the incident. (Id. at 5-6). Plaintiff responded by saying he would sue the nurse. (Id. at 5).

The specific grounds for Plaintiff's claims are unclear. However, the FAC appears to allege that Defendants are liable for violations of Plaintiff's rights under the Eighth Amendment (1) not to be treated "inhumanely" and "to be free from cruel and unusual punishment" and (2) "to have adequate medical care," as well as state law claims for (3) intentional infliction of emotional distress and (4) "p[e]rjury." (Id. at 5). Plaintiff seeks monetary damages. (Id. at 6).

\\
\\
\\
\\

---

[3] The FAC does not clearly identify Yule as the nurse who spoke to Plaintiff when he regained consciousness. (FAC at 5-6). However, because no other facts are alleged against any other medical personnel, the Court will assume that Yule is the "nurse" described in the FAC's statement of facts.

3

# III.

# DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss the First Amended Complaint due to pleading defects. However, a court must grant a pro se litigant leave to amend his defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). It is not "absolutely clear" that at least some of the defects of Plaintiff's First Amended Complaint could not be cured by amendment. The First Amended Complaint is therefore DISMISSED with leave to amend.

**A.  Plaintiff's Official Capacity Claims Are Defective**

Plaintiff sues Defendants for damages in both their official and individual capacities. (FAC at 3). However, Plaintiff's official capacity claims are barred by the Eleventh Amendment and cannot proceed.

Pursuant to the Eleventh Amendment, a state and its official arms are immune from suit under section 1983. Howlett v. Rose, 496 U.S. 356, 365 (1990); Brown v. Cal. Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"). "[A] suit against a state official in his or her official capacity . . . is no different from a suit

against the State itself." Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) (citation omitted). Therefore, state officials sued in their official capacity are generally entitled to immunity. (Id. at 825).

Here, the Complaint requests only monetary damages. (FAC at 3, 6). Monetary damages are not a proper remedy in suits against state officials in their official capacity. Thus, Plaintiff's official capacity claims are defective and must be dismissed.

**B. Plaintiff Fails To State A Claim For "Psychological Torment" Or Intentional Infliction Of Emotional Distress**

Plaintiff broadly claims that his "right to not be treated inhuman[e]ly" was violated because he was subjected to "the intentional infliction of psychological torment." (FAC at 5). It is unclear whether Plaintiff is raising this claim against Gomez, Yule, or both. Additionally, it is unclear whether Plaintiff is attempting to allege a constitutional claim under the Eighth Amendment or a state law tort claim for intentional infliction of emotional distress. The FAC does not meet either standard and therefore must be dismissed with leave to amend.

    **1. Intentional Infliction Of "Psychological Torment" As An Eighth Amendment Claim**

Infliction of suffering on prisoners that is "totally without penological justification" violates the Eighth Amendment. Rhodes

v. Chapman, 452 U.S. 337, 346 (1981). "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted). "The alleged pain may be physical or psychological." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Where psychological or emotional injuries are alleged, there must be a "'high probability of . . . severe psychological injury and emotional pain and suffering'" to rise to the level of an Eighth Amendment violation. Id. at 1113 (quoting Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir. 1993) (en banc)). For example, the "humiliation" suffered by a male inmate who complained that female guards pointed, joked and "gawked" at him while he was showering did not "rise to the level of severe psychological pain required to state an Eighth Amendment claim." Watison, 668 F.3d at 1113 (citing Somers v. Thurman, 109 F.3d 614, 616 (9th Cir. 1997)); see also Grummett v. Rushen, 779 F.2d 491, 494 n.1 (9th Cir. 1985) (prison policy allowing female guards to observe male inmates disrobing, showering, using the toilet, and being strip-searched, and allowing them to conduct pat-down searches including the groin area, did not amount to "the type of shocking and barbarous treatment protected against by the [E]ighth [A]mendment"). Similarly, the routine "exchange of verbal insults between inmates and guards" does not violate the Eighth Amendment. Somers, 109 F.3d at 622.

Plaintiff does not allege "shocking and barbarous" conduct by either Defendant that would rise to the level of a constitutional

violation.  Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation, even when the language is vulgar and offensive.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  The FAC's vague allegation that "Gomez was constantly harrassing [sic] Plaintiff" ever since he had contacted "internal affairs" does not provide any basis for the Court to conclude that Plaintiff even endured any psychological suffering from Gomez's "harassment," much less that Gomez's harassment was "shocking and barbarous."  Similarly, to the extent that Yule caused Plaintiff's "psychological torment" by laughing at Plaintiff because he had urinated in his clothes and "telling other medical personnel" about the incident, the FAC also fails to state a constitutional claim against Yule.  See Oltarzewski, 830 F.2d at 139.  Therefore, to the extent that Plaintiff is attempting to assert a constitutional claim for "psychological torment," the FAC must be dismissed, with leave to amend.

**2. Intentional Infliction Of Emotional Distress As A State Law Tort Claim**

Alternatively, it is possible that Plaintiff is attempting to bring a state law tort claim for intentional infliction of emotional distress.  However, the FAC does not satisfy the procedural requirements in a civil action for alleging state law tort claims against government actors.

Under the California Government Claims Act ("CGCA"),[4] a plaintiff may not bring an action for damages against a public employee or entity unless he first presents a written claim to the local governmental entity within six months of the accrual of the incident. See Mabe v. San Bernadino County, Dept. of Public Social Services, 237 F.3d 1101, 1111 (9th Cir. 2001) (CGCA requires the "timely presentation of a written claim and the rejection of the claim in whole or in part" as a condition precedent to filing suit); see also Cal. Gov't Code § 945.4 ("[N]o suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . ."). Furthermore, a plaintiff must affirmatively allege compliance with the CGCA's claims presentation requirement, or explain why compliance should be excused. Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) ("Where compliance with the [California] Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer.") (internal quotation marks omitted).

"The failure to exhaust an administrative remedy is a jurisdictional, not a procedural, defect." Miller v. United

---

[4] The short title "Government Claims Act" has been used interchangeably in California cases with the title "Tort Claims Act" to refer to the statutory scheme for presenting claims for money damages against governmental entities. However, because the California Supreme Court has expressed a preference for the title "Government Claims Act," the Court will adopt that usage. See City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (2007).

8

Airlines, Inc., 174 Cal. App. 3d 878, 890 (1985); see also Cornejo v. Lightbourne, 220 Cal. App. 4th 932, 938 (2013) ("Ordinarily, filing a claim with a public entity pursuant to the Claims Act is a jurisdictional element of any cause of action for damages against the public entity . . ."). To the extent that Plaintiff is attempting to assert any state tort causes of action, the FAC does not plead satisfaction of the CGCA claims presentation requirement and fails to identify any evidence that Plaintiff exhausted his remedies before filing suit.[5] Accordingly, to the extent that Plaintiff is attempting to assert a state law "intentional infliction of emotional distress" claim, the claim must be dismissed, with leave to amend. However, Plaintiff is cautioned that he should not assert such a claim unless he can show that he presented his tort claim to the appropriate agency prior to filing suit or explain why exhaustion should be excused under the particular circumstances of this case.

---

[5] Attachments to the FAC reflect Plaintiff's attempt to exhaust the internal prison grievance process. (See FAC at 38-41). However, the claim presentation requirement under the CGCA is separate from, and is not satisfied by, internal prison grievance processes. See Hendon v. Ramsey, 528 F. Supp. 2d 1058, 1069-70 (S.D. Cal. 2007) ("Although Plaintiff has demonstrated successfully that he utilized the prison grievance process to exhaust his federal claims by filing an inmate appeal, and has attached documentation in the form of his CDC 602 form and administrative responses, these documents do not satisfy the CTCA [California Tort Claims Act] with respect to his state law negligence claims.").

9

**C. Plaintiff Fails To Allege A Deliberate Indifference Claim Against Either Defendant**

It is also possible that Plaintiff is attempting to state a constitutional claim for deliberate indifference to his serious medical needs. To state an Eighth Amendment claim based on a prisoner's medical treatment, the prisoner must demonstrate that the defendant was "deliberately indifferent" to his "serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also West v. Atkins, 487 U.S. 42, 49 (1988). To establish a "serious medical need," the prisoner must demonstrate that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett, 439 F.3d at 1096 (citation omitted); see also Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (the existence of a serious medical need is determined by an objective standard).

To establish "deliberate indifference" to such a need, the prisoner must demonstrate: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." (Id.). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." (Id.) (citations omitted). The defendant must have been subjectively aware of a serious risk of harm and must have consciously disregarded that risk. See Farmer v. Brennan, 511 U.S. 825 (1994). An "isolated

exception" to the defendant's "overall treatment" of the prisoner does not state a deliberate indifference claim. Jett, 439 F.3d at 1096.

The FAC fails to state a deliberate indifference claim. First, the FAC's vague allegation that Plaintiff slipped and was placed on "medical leave" does not sufficiently describe a "serious medical need." Second, the FAC does not adequately allege that Yule was subjectively aware of Plaintiff's alleged serious medical need and deliberately chose to ignore it, putting him at risk of injury.[6] The FAC fails to explain whether Plaintiff needed medical care when he woke up after fainting, what kind of care he needed, or even if Yule failed to provide that care. Third, the FAC does not show that Plaintiff suffered any harm from either Defendant's alleged acts or failures to act. Even though Plaintiff allegedly fainted after Gomez forced him to evacuate his cell, the FAC does not state whether he harmed himself when he fainted. It is also unclear whether Plaintiff suffered any harm at all once he awoke and Yule saw him. Accordingly, to the extent that Plaintiff is attempting to assert a deliberate indifference claim against one or both Defendants, the claim must be dismissed, with leave to amend.

---

[6] The FAC's allegations, liberally construed, that Plaintiff told Gomez that he was feeling dizzy, was on medication, and had a medical "lay in" may be sufficient to show Gomez's subjective awareness that Plaintiff suffered from some medical condition. It is questionable, however, whether these bare bones allegations show that Gomez was aware of a "serious" medical need.

11

**D. Plaintiff Cannot State A Claim For Perjury Against Either Defendant**

Plaintiff alleges without explanation or context that one or more of the Defendants is liable for "p[e]rjury." Under both federal and state law, "[t]he factual predicates of perjury are: (1) that the defendant gave false testimony under oath (2) concerning a material matter (3) with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Jimenez, 300 F.3d 1166, 1170 (9th Cir. 2002) (citing United States v. Dunnigan, 507 U.S. 87, 94 (1993)); see also Hussein v. Barrett, 820 F.3d 1083, 1089 (9th Cir. 2016) ("Under California law, the elements of perjury include a willful statement under oath of any material matter which the witness knows to be false."). Perjury is a criminal offense, and a private plaintiff may not raise criminal claims in a civil lawsuit. See Johnson v. Wennes, 2009 WL 1228500, at *4 (S.D. Cal. May 5, 2009) ("[A]n individual may not bring criminal charges against someone by filing a complaint in this Court."). Furthermore, even if there were a civil "perjury" cause of action, the FAC does not identify what false statements Defendants made, much less allege that they made them under oath with the intent to provide false testimony. Thus, to the extent that Plaintiff is attempting to state a "perjury" claim, the claim is both not cognizable and unsupported and must be dismissed.

**E.   Plaintiff Fails To State A Claim For Retaliation**

Plaintiff alleges that Gomez was constantly harassing him "ever[] since the internal affairs was contacted." (FAC at 5). It is possible that Plaintiff is attempting to state a retaliation claim. The Ninth Circuit has set forth the minimum pleading requirements for a § 1983 claim alleging that prison employees have retaliated against an inmate for exercising a First Amendment right:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

See Rhodes v. Robinson, 408 F.3d 559, 567-568 (9th Cir. 2005) (footnote omitted). The prisoner must establish a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807-08 (9th Cir. 1995).

The FAC fails to state a retaliation claim. The FAC does not describe who contacted internal affairs or why. Even assuming that Plaintiff contacted internal affairs for something relating to

13

Gomez, the FAC does not describe the "harassment" that Gomez purportedly inflicted on Plaintiff or even affirmatively state that the harassment was in retaliation for his contacting internal affairs. The FAC does not establish a specific link between Plaintiff's exercise of his First Amendment rights and the alleged retaliation. Accordingly, to the extent that Plaintiff is attempting to raise a retaliation claim against Gomez, the claim must be dismissed, with leave to amend.

**F.  The Complaint Violates Federal Rule Of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). Rule 8 may be violated when a pleading "says too little" and "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013) (emphasis in original); see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint)); McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996) ("[C]onfusing complaints . . . impose unfair burdens on litigants and judges.").

Here, the FAC violates Rule 8 because Plaintiff does not identify what, exactly, the nature of each of his claims is, and

14

specifically identify the Defendant against whom each claim is asserted. Without more specific information, Defendants cannot respond to the First Amended Complaint. See Cafasso, 637 F.3d at 1058. In addition, because Plaintiff is not required to provide evidence supporting his claims at this stage of the litigation, the numerous exhibits attached to the Complaint are unnecessary. Plaintiff cannot simply attach documents to his complaint and expect the Defendants to guess their meaning.

Accordingly, the First Amended Complaint is dismissed with leave to amend. Should Plaintiff choose to file a Second Amended Complaint, he is advised to clearly identify the nature of each of the legal claims he is bringing, the specific facts giving rise to each claim, the and specific Defendant or Defendants against whom each claim is brought.

**IV.**

**CONCLUSION**

For the reasons stated above, the First Amended Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Second Amended Complaint. In any amended complaint, Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in prior complaints.** The Second Amended Complaint, if any, shall be complete in itself and shall bear both

15

the designation "Second Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any prior complaint. Plaintiff shall limit his action only to those Defendants who are properly named in such a complaint, consistent with the authorities discussed above.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should make clear the nature and grounds for each claim and specifically identify the Defendants he maintains are liable for that claim. Plaintiff shall not assert any claims for which he cannot allege a proper factual basis.

\\
\\
\\
\\
\\
\\
\\
\\
\\

Plaintiff is explicitly cautioned that the failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this entire action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).  **Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: April 12, 2017

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION, NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**